## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY J. MILLS | * |
| Plaintiff | * |
| v | *   Civil Action No. JKB-16-351 |
| THE LAW OFFICES OF HENNINGER & LUBER | * |
| | * |
| Defendant | |

\*\*\*

## **MEMORANDUM**

The above-entitled complaint was filed on February 8, 2016, together with a motion to proceed in forma pauperis. Because he appears indigent, plaintiff's motion shall be granted. For the reasons stated below, the complaint must be dismissed without prejudice.

Plaintiff alleges the defendant law firm breached a contract for services when they failed to "do anything they agreed to do" for plaintiff's post-conviction case despite being paid three thousand dollars. ECF 1. Plaintiff adds that "it was discovered the attorney assigned to my case was disbarred." *Id*.

The complaint does not state a federal cause of action. In order to successfully assert a claim of constitutional rights violation, the defendant must be a state actor. Specifically, the persons charged with the civil rights violation must be a state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state. Privately retained attorneys do not act under color of state law even if they are appointed by the court. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980).

In limited circumstances, seemingly private conduct can be the subject of a § 1983 suit. "[W]e have recognized four exclusive circumstances under which a private party can be deemed to be a state actor: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999). None of the acts or conduct alleged by Plaintiff in his complaint fall within these four categories of conduct. "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993). A breach of contract or legal malpractice does not fall within the categories of conduct outlined.

A state claim such as the breach of contract claim asserted here may, under certain circumstances, be brought under this court's diversity jurisdiction. Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff seeks damages in the amount of $5000, which does not satisfy the amount-in-controversy requirement. Additionally, the named defendant is located in Maryland, where plaintiff also resides.

By separate order, the complaint shall be dismissed without prejudice. Plaintiff remains free to bring his claim in the appropriate state court.

February 22, 2016                   _____/s/_____
Date                                          James K. Bredar
                                                               United States District Judge